UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOUIS ARNOLD PHILLIPS,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>KEVIN CHAPPELL, as Warden of<br>San Quentin State Prison,<br><br>　　　　Respondent. | Case No.: 1:92-cv-05167 – AWI<br><br>DEATH PENALTY CASE<br><br><br>ORDER GRANTING IN PART WRIT OF<br>HABEAS CORPUS |

　　　　Petitioner Richard Louis Arnold Phillips ("Phillips") filed a petition for writ of habeas corpus on March 4, 1992, challenging his state conviction and death eligibility determination. Phillips was convicted of the December 7, 1977 first degree murder of Bruce Bartulis and attempted murder of Ronald Rose, two counts of robbery, and the personal use of a firearm. The special circumstance of murder during the commission of a robbery was found true and the jury returned a verdict sentencing Phillips to death on February 1, 1980. Phillips' conviction and death eligibility determination were affirmed by the California Supreme Court, but his death sentence was reversed due to the trial court's failure to give a reasonable doubt instruction regarding evidence of other criminal activity and failure to limit the admissibility of criminal activity to evidence demonstrating the commission of an actual crime. *People v. Phillips*, 41 Cal. 3d 29 (1985). The jury at Phillips' penalty re-trial returned a death sentence, but he had not yet been re-sentenced at the time of his federal filing.

On March 12, 1992, the district court dismissed Phillips' federal petition without prejudice, declining to interfere with the ongoing state criminal proceeding under the abstention doctrine and dismissing the petition for failure to exhaust state remedies. The Ninth Circuit reversed and remanded May 26, 1995, holding the extraordinary delay Phillips had already experienced in seeking review of his federal constitutional claims justified consideration of his guilt phase claims even though his death sentence was not final. *Phillips v. Vasquez*, 56 F.3d 1030, 1037-38 (9th Cir. 1995).

Phillips' amended federal habeas corpus petition, filed July 15, 1996, was denied evidentiary hearing, and was denied on the merits July 13, 1998. On appeal, the Ninth Circuit affirmed the denial of claims asserting bad faith destruction of evidence, *Brady* violation for failure to disclose reports, and factual innocence. *Phillips v. Woodford*, 267 F.3d 966, 986-988 (9th Cir., October 15, 2001). Claims alleging perjury by prosecution witness Sharon Colman ("Colman") in denying she was promised or provided any benefit in return for her testimony, ineffective assistance of trial counsel for failing to investigate and/or present evidence supporting a "shoot-out" defense, and cumulative error, were remanded to the district court for an evidentiary hearing. The Ninth Circuit concluded that Phillips had "asserted a colorable claim that the combined prejudicial effect of his counsel's ineffective assistance, and the State's presentation of false testimony regarding the existence of a plea agreement with its chief witness, [which if proved] requires setting aside the findings that rendered him eligible for a sentence of death." *Id.,* at 970-986.

While the appeal of Phillips' guilt phase and death eligibility claims was pending before the Ninth Circuit, the California Supreme Court affirmed his second death sentence. *People v. Phillips*, 22 Cal. 4th 226 (2000). Phillips' state habeas petition asserting claims from his penalty re-trial was summarily denied September 27, 2000, and the United States Supreme Court denied certiorari April 16, 2001. Steven L. Crawford was appointed to represent Phillips regarding his penalty phase claims September 19, 2001. Phillips filed his claims seeking federal habeas relief from his second death sentence on July 7, 2003.

Upon remand of the guilt phase and death eligibility claims, Phillips indicated his desire to be represented on remand by Katherine L. Hart, who had represeented him at his penalty re-trial, and filed a declaration waiving any ineffective assistance of counsel claims which might arise from her

representation at the re-trial.  A hearing was held to determine the validity of Phillips' waiver, and since he was found to be fully competent, capable of entering an informed waiver, and aware of the nature and consequences of the waiver, the waiver was accepted.  The evidentiary hearing on the remanded claims was held via depositions from January 6 through 23, 2003.  Depositions were taken of trial counsel Paul Martin, prosecutor David Minier, surviving victim Ronald Rose, eye witness Colman, pathologist Dr. Thomas C. Nelson, Colman's attorneys Tom Peterson and Cassandra Dunn, and Fresno County Detective Pete Santellano.  Respondent ("the Warden") attempted to take Phillips' deposition, but he refused to answer questions at the scheduled time.  Phillips' federal habeas petition was denied in part February 20, 2004, finding the remanded guilt phase and death eligibility claims without merit.

Phillips' federal habeas petition was still pending resolution of his penalty phase claims. Phillips moved to dismiss his penalty phase claims July 2, 2004.  No evidence was presented which undermined the prior finding that Phillips was competent, and the motion to dismiss the penalty phase claims was granted August 26, 2004.

On appeal, the Ninth Circuit affirmed in part, reversed in part, and remanded with instructions to grant the writ as to the jury's special circumstance finding, and accordingly, Phillips' death sentence.  *Phillips v. Ornoski*, 673 F.3d 1168 (9th Cir. 2012).  The Ninth Circuit affirmed (1) the district court's procedural rulings governing the evidentiary hearing (denying Phillips' transfer to the Madera County jail, vacating the live evidentiary hearing, and refusing filing of supplemental exhibits), and (2) the denial of the claim of ineffective assistance of trial counsel for allowing Phillips to proceed with an alibi defense, based on the intervening United States Supreme Court case of *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388 (2011).  The Ninth Circuit reversed the district court regarding the due process violation under *Brady v. Maryland*, 373 U.S. 83 (1963), from the prosecutor's failure to reveal significant benefits given to key witness Colman in exchange for her testimony and under *Napue v. Illinois*, 360 U.S. 264 (1959), for failing to correct Colman's false testimony.  The Ninth Circuit found the undisclosed benefit to Colman was material to the issue of whether the murder was committed in the course of a robbery, as opposed to whether the robbery was committed in the course of (that is, to cover up) a murder, as her testimony was essential to the jury's

finding that robbery was the motive for the murder.  Without Colman's testimony, the Ninth Circuit concluded the jury likely would have determined the taking of the victims' wallets was secondary to the murder, and not a basis for finding the special circumstance true under California law, thus vacating the special circumstance finding and the death sentence.  The convictions for attempted murder, first-degree murder and robbery were upheld since the non-revealed benefits to Colman were not material to those convictions.  The United States Supreme Court denied both Phillips' and the Warden's petitions for certiorari April 29, 2013.  The Ninth Circuit issued the mandate June 6, 2013.

The Court hereby

    1. grants in part Phillps' application for writ of habeas corpus,

    2. vacates the special circumstance finding and death sentence imposed on Phillips, and

    3. orders that the State of California re-sentence Phillips to a penalty other than death and life without parole, unless proceedings to grant him a new trial on the special circumstances are initiated within 90 days from the date of this order.

IT IS SO ORDERED.

DATED:   June 11, 2013

                                              /s/ Anthony W. Ishii  
                                              ANTHONY W. ISHII  
                                              **United States District Judge**