# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOUIS ARNOLD PHILLIPS,<br><br>Petitioner,<br><br>v.<br><br>KEVIN CHAPPEL, as Warden of San Quentin State Prison,<br><br>Respondent. | Case No. 1:92-cv-05167 AWI-SAB<br><br>DEATH PENALTY CASE<br><br>ORDER THAT PETITIONER'S COUNSEL SHOW CAUSE WHY DOCUMENTS SHOULD NOT BE RELEASED FROM SEAL<br><br>(ECF Nos. 357 & 358) |

This case was closed on June 12, 2013 following entry judgment granting in part Petitioner's writ of habeas corpus.

On April 22, 2015, Petitioner, acting pro se, filed a motion for reconsideration of U.S. Senior District Judge Anthony Ishii's April 9, 2015 order regarding Petitioner's July 11, 2014 request relating to copies of court documents filed under seal in this proceeding.

On April 28, 2015, Judge Ishii issued an order construing Petitioner's motion for reconsideration as an original request for copies of sealed court documents, and assigning the matter to the undersigned. (ECF No. 358.)

Petitioner seeks copies of the following five documents filed under seal in this proceeding so he can use them in separate proceedings:

    i.    A request for funding, consisting of four pages (ECF No. 294),

1

| | | |
|---|---|---|
| | ii. | An order regarding the budget for phase III, consisting of three pages (ECF No. 295), |
| | iii. | A declaration of Petitioner's counsel in support of funding, consisting of three pages (ECF No. 296), |
| | iv. | An amendment to the budget with supporting declaration of Petitioner's counsel, consisting of five pages (ECF No. 297), and |
| | v. | An order denying amendment to the phase V budget, consisting of three pages (ECF No. 302). |

## I.   LEGAL STANDARD

Criminal Justice Act (18 U.S.C. § 3006A, hereinafter "CJA") funding documents generally are filed ex parte and under seal. 18 U.S.C. § 3006A(e); 21 U.S.C. § 848(q), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and re-codified as 18 U.S.C. § 3599; Guidelines for Administering the CJA and Related Statutes, Vol. 7 of the *Guide to Judiciary Policy*, ("Guidelines"), § 230.26.20(c); see also U.S. v. Gonzales, 150 F.3d 1246, 1251 (10th Cir. 1998). This rule applies in capital cases, 18 U.S.C. §§ 3005, 3599(f), with the additional requirement that the amount of CJA funding paid is to be publicly disclosed upon disposition of the petition. 18 U.S.C. § 3599(g)(3); Guidelines, § 640.20(b-d); Fed. R. Civ. P. 26(b)(1)(3). Moreover, ex parte applications for services other than counsel must be placed under seal until the final disposition of the case in the trial court, subject to further order of the court. Guidelines, § 310.30. "Maintaining the secrecy of the application prevents the possibility that an open hearing may cause defendants to reveal their defense." Id.

The Guidelines go on to provide that CJA information placed under seal shall remain sealed "until after all judicial proceeding, including appeals, in the case are completed and for such time thereafter as the court deems appropriate. Interested parties should be notified of any modification of such order." Guidelines, § 510.40.

## II.   DISCUSSION

The undersigned has reviewed Petitioner's request and the documents sought thereunder.

It appears that all the documents were filed in 2003 and relate to Petitioner's application to this Court for CJA funding to investigate claims in this proceeding. As noted, judgment granting in part the underlying petition was entered on June 12, 2013 and the case closed. (ECF Nos. 353 & 354.) The record does not include any notice of appeal.

Whether to unseal the documents in issue is now a matter for the Court's discretion. The documents sought by the pro se Petitioner include declarations of counsel. Therefore, the Court will provide such counsel with an opportunity to show cause why these documents should not be released from seal.

### III.   ORDER

For the reasons stated, it is HEREBY ORDERED that:

1. By not later than May 18, 2015, Petitioner's counsel in this action shall show cause, if any there be, why the above noted documents should not be released from seal for Petitioner's use in separate proceedings,

2. Counsel may file any confidential response to this order ex parte and under seal, and

3. Failure of Petitioner's counsel in this action to timely respond to this order shall constitute a waiver of any objection to releasing the above noted documents from seal for Petitioner's use in separate proceedings.

IT IS SO ORDERED.

Dated:   **April 30, 2015**

UNITED STATES MAGISTRATE JUDGE

4